U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 2 3 2006

ROBERT H. S[illegible], CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JAMES GREEN | CIVIL ACTION NO. 05-1497 |
| VS. | JUDGE MELANÇON |
| LARRY CALLIER<br>SCOTT PHILIP McIVER<br>BILL ORTEGO | MAGISTRATE JUDGE METHVIN |

## HEIGHTENED PLEADING REVIEW

In this §1983 civil rights suit, defendants Scott Philip McIver and Bill Ortego have been sued in both their individual and official capacities. The aforementioned defendants have pleaded the defense of qualified immunity in their answers. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff alleges as follows: On August 21, 2004, he was sitting in the passenger's seat of his wife's vehicle, which was parked on Can Street in Opelousas, Louisiana, when Officer McIver and Officer Ortego responded to a call that Green was remaining on private property after being asked to leave. Green alleges that the officers approached him, pulled him out of the vehicle, sprayed him with chemical CS/OC spray, kicked him in the stomach and beat him, arrested him without probable cause, and cited him for remaining after being forbidden, resisting an officer, and battery on an officer. Plaintiff alleges that the officers used excessive force in his arrest and has sued the officers and Police Chief Larry Callier for battery, malicious prosecution, negligence, false arrest, and intentional infliction of emotional distress.

Considering the foregoing, the undersigned concludes that plaintiff has "supported [his] claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiff has therefore met the heightened pleading requirement and no Rule 7(a) Order is necessary in this case. For the same reason, no order limiting discovery under Schultea is appropriate.[1]

Signed at Lafayette, Louisiana on February 23rd, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[1] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.